1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   FRANK URIARTE,                          )   Civil No. 10cv498 L(AJB)
                                             )
12              Plaintiff,                   )   **ORDER GRANTING**
                                             )   **DEFENDANT'S MOTION TO**
13   v.                                      )   **DISMISS COMPLAINT [doc. #3];**
                                             )   **and GRANTING MOTION FOR**
14   CITY OF CALEXICO,                       )   **LEAVE TO FILE A FIRST**
                                             )   **AMENDED COMPLAINT** [doc. #12]
15              Defendant.                   )
                                             )
16   _____        )

17        On April 1, 2010, defendant filed a motion to dismiss the complaint with prejudice under

18   Federal Rule of Civil Procedure 12(b)(6).  Plaintiff was required to file an opposition to

19   defendant's motion no later than May 10, 2010 but did not do so.  On May 27, 2010, counsel for

20   plaintiff, Michael McGill and Carolina Veronica Diaz,  each filed a declaration stating they did

21   not receive an email from the Court's Electronic Filing system or from opposing counsel

22   notifying them of the filing of defendant's motion to dismiss.  Mr. McGill's declaration also

23   states that "[u]nless the Court intervenes and orders otherwise, I will immediately prepare an

24   opposition to Defendants [sic] Motion to Dismiss, and I will have it filed by Tuesday, June 1,

25   2010."  (McGill Declar. at ¶ 9.)  Plaintiff did not file an opposition to the motion to dismiss on

26   June 1, 2010, but instead attempted to file a hard-copy of a First Amended Complaint with the

27

28

1    Clerk of the Court on June 2, 2010.[1]  The Court struck the FAC and instructed plaintiff that if he

2    would like to file an amended complaint, he must do so under Rule 15(a)(2) and in conformity

3    with the Civil Local Rules.  Plaintiff has moved for leave to file a FAC.  Defendant's motion to

4    dismiss remains unopposed.

5    **1.     Motion to Dismiss**

6         **A.     Legal Standard for a Motion to Dismiss**

7         A complaint cannot survive a motion to dismiss unless it provides "sufficient factual

8    matter, . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal* 129 S. Ct

9    1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).   "The

10   plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

11   possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*,

12   550 U.S. at 556).  A complaint must contain "more than labels of conclusions" or "a formulaic

13   recitation of the elements of a cause of action . . . .  *Twombly*, at 555.  A plaintiff must allege

14   "enough facts" to "nudge[] [the] claim[s] across the line from conceivable to plausible.  *Id.* at

15   570.

16        **B.     Factual Background**

17        Plaintiff Frank Uriarte is a current police officer with the City of Calexico Police

18   Department.  In January 2006, plaintiff was promoted from Senior Police Officer to Acting

19   Sergeant and placed on the Sergeants pay scale of Range 86 Step 3.  The following January,

20   plaintiff was promoted from Range 86 Step 3 to Range 86 Step 4 on the pay scale.  At the same

21   time, all sergeants were moved from Range 86 to Range 98 Step 1.  Plaintiff contends that he has

22   been paid at an improper rate of pay since January 2007.

23        With his complaint, plaintiff seeks to recover unpaid overtime compensation, back pay,

24   equal pay, unpaid wages, liquidated damages, injunctive relief, interest, attorneys fees and cost

25   under the Fair Labor Standards Act ("FLSA").   No other causes of action are asserted.

26

27        [1]     Although case initiating documents must be filed in paper format at the Clerk's
28   Office, all subsequent documents must be filed electronically.  E-Filing Manual §§ 1(b) and 2(c).

1    **C.    Discussion**

2         The FLSA was enacted "to protect all covered workers from substandard wages and

3    oppressive working hours." *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739

4    (1981).  The Act regulates minimum wage, overtime pay, equal pay, and child labor, and

5    prohibits employers from retaliating against employees who exercise their rights under the Act.

6    Section 207 of the FLSA provides that no employer "shall employ any of his employees who in

7    a workweek is engaged in commerce ... or is employed in an enterprise engaged in commerce ...

8    for a workweek longer than forty hours unless such employee receives compensation" for hours

9    worked beyond the forty hour floor "at a rate not less than one and one half times" the rate at

10   which he or she is regularly employed.  29 U.S.C. § 207(a)(1).  The Supreme Court interprets

11   "regular rate" to mean "the hourly rate actually paid the employee for the normal, non-overtime

12   workweek for which he is employed." *Walling v. Youngerman-Reynolds Hardwood Co, Inc.*,

13   325 U.S. 419, 424 (1945).

14        Plaintiff's allegations of wrongdoing are that he was not paid at his proper rate of pay and

15   that he performed overtime without being paid at the proper rate of pay.   In seeking dismissal of

16   the claim, defendant contends that plaintiff has failed to state a claim under FLSA, 29 U.S.C. §

17   207.

18        In his complaint, plaintiff alleges he "was not and has not been paid his proper wages for

19   the past three year period through the present date . . . ."  (Compl. at 3, ¶ 13.)   Under the FLSA,

20   employers and employees are generally "free to establish [the] regular [non-overtime] rate at any

21   point and in any manner they see fit," "[a]s long as the minimum hourly rates established by

22   Section 6 [of the FLSA] are respected." *Youngerman-Reynolds*, 325 U.S. at 424.  Here, plaintiff

23   is not contending that he has not been paid at the minimum hourly rate under the FLSA but

24   instead that he is not receiving the same pay as other sergeants.  There may be some other cause

25   of action that would cover plaintiff's allegations but plaintiff has not stated a claim under FLSA

26   and it must be dismissed.

27        The second aspect of plaintiff's claim is that he was not properly compensated for his

28   overtime work.  As noted above, the FLSA requires overtime compensation for his employment

1  "at a rate not less than one and one-half times the regular rate at which he is employed."  29

2  U.S.C. § 207(a)(1).  Although not entirely clear, plaintiff appears to contend that he is not

3  receiving one and one-half times the amount of what other sergeants are being paid rather than

4  not receiving one and one-half times his regular, *i.e.,* his current rate of pay.  If plaintiff is basing

5  his overtime claim on what he contends is his incorrect pay, then as discussed above, he has not

6  stated a claim under FLSA and it must be dismissed.

7      Defendant also seeks to dismiss the FLSA claim as untimely.  The FLSA contains its own

8  statute of limitations for an action for unpaid minimum wages and for liquidated damages:

9      Any action . . . to enforce any cause of action for unpaid minimum wages, unpaid
       overtime, or liquidated damages . . . shall be forever barred unless commenced
10     within two years after the cause of action accrued, except that a cause of action
       arising out of a willful violation may be commenced within three years.

11

12   29 U.S.C. § 255(a).  FLSA claims are continuing claims and a separate cause of action

13  "accrues" every payday that overtime is not paid.  *Biggs v. Wilson*, 1 F.3d 1537, 1540  (9th Cir.

14  1993)(citing *Beebe v. United States*, 640 F.2d 1283, 1293 (1981); *McIntyre v. Dir. of Youth Rehab.*,

15  795 F. Supp. 668, 674 (D.Del. 1992) (courts have adopted uniform approach under *Beebe* that

16  cause of action accrues each paycheck); *see also Cook v. United States*, 855 F.2d 848, 851 (Fed.

17  Cir.1988) (general rule is that FLSA claims accrue at the end of each pay period); *Mid-Continent*

18  *Petroleum Corp. v. Keen*, 157 F.2d 310, 316 (8th Cir. 1946) (accrues each payday)).  Because

19  plaintiff's FLSA claim is being dismissed, the Court will not determine at this point whether the

20  claim is also time barred.

21      Finally, even though a complaint need not provide detailed factual allegations, plaintiff

22  must state the grounds of his entitlement to relief which "requires more than labels and

23  conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S.

24  at 555.  As currently pleaded, plaintiff's complaint also fails to provide sufficient facts to meet

25  the *Twombly* standard and it must be dismissed on this basis as well.

26      As noted above, plaintiff moves to amend his complaint.  The Court has reviewed the

27  proposed amended complaint and finds that it suffers from the same deficiencies discussed

28  above and therefore may not be filed.  Nevertheless, under Federal Rule of Civil Procedure

10cv498

1  15(a), leave to amend a pleading after a responsive pleading has been filed may be allowed by

2  leave of court and such leave "shall be freely given when justice so requires."  FED. R. CIV. P.

3  15(a).   Plaintiff will be given leave to file a first amended complaint in conformity with this

4  Order.

5  **2.      Conclusion**

6         Based on the foregoing, **IT IS ORDERED** granting defendant's motion to dismiss the

7  complaint without prejudice.  **IT IS FURTHER ORDERED** granting plaintiff's motion for

8  leave to file an amended complaint.  If plaintiff intends to file a first amended complaint, he shall

9  do so within 10 days of the filing of this Order.

10        **IT IS SO ORDERED.**

11  DATED:  January 3, 2011

12                                                              _____
                                                              M. James Lorenz
13                                                              United States District Court Judge

14  COPY TO:

15  HON. ANTHONY J. BATTAGLIA
    UNITED STATES MAGISTRATE JUDGE
16

17  ALL PARTIES/COUNSEL

18

19

20

21

22

23

24

25

26

27

28