UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK URIARTE, | ) | Civil No. 10cv498 L(WMc) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS THE FIRST** |
| v. | ) | **AMENDED COMPLAINT [doc. #17]** |
| | ) | |
| CITY OF CALEXICO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The Court granted defendant's motion to dismiss the complaint and granted plaintiff leave to amend. On January 13, 2011, plaintiff filed his FAC which defendant moves to dismiss. Plaintiff filed an opposition to defendant's motion but defendant has not filed a reply memorandum. Having considered the arguments of the parties on the papers and without oral argument, the Court denies defendant's motion for the reasons set forth below.

**1.    Discussion**

Plaintiff Frank Uriarte is a current police officer with the City of Calexico Police Department. With his amended complaint, plaintiff seeks to recover unpaid overtime compensation, back pay, equal pay, unpaid wages, liquidated damages, injunctive relief, interest, attorneys fees and cost under the Fair Labor Standards Act ("FLSA") based upon defendant's alleged failure to pay overtime for four years. No other causes of action are asserted.

Defendant contends that plaintiff has failed to provide sufficient facts in his FAC and the

allegations in the FAC do not relate back to the original filing of his complaint.

A complaint cannot survive a motion to dismiss unless it provides "sufficient factual matter, . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 129 S. Ct 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). A complaint must contain "more than labels of conclusions" or "a formulaic recitation of the elements of a cause of action . . . . *Twombly*, at 555. A plaintiff must allege "enough facts" to "nudge[] [the] claim[s] across the line from conceivable to plausible. *Id.* at 570.

The FLSA  Act regulates minimum wage, overtime pay, equal pay, and child labor, and prohibits employers from retaliating against employees who exercise their rights under the Act. Section 207 of the FLSA provides that no employer "shall employ any of his employees who in a workweek is engaged in commerce ... or is employed in an enterprise engaged in commerce ... for a workweek longer than forty hours unless such employee receives compensation" for hours worked beyond the forty hour floor "at a rate not less than one and one half times" the rate at which he is regularly employed. 29 U.S.C. § 207(a)(1).

As noted above, defendant argues that plaintiff's allegation that he was not paid overtime compensation are conclusory The Court disagrees. The complaint alleges that plaintiff was employed by defendant, he worked overtime from January 2007 to the present date, is paid every two weeks and has been denied his overtime pay for each and every single pay period. (FAC ¶¶ 12, 13.) Plaintiff has stated sufficient facts to constitute a cause of action under FLSA against defendant.

In its motion, defendant argues that section 7(k) of FLSA is applicable here because of plaintiff's status as a law enforcement officer. Section 7(k) provides a partial overtime exemption:

> No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in

> correctional institutions) if--
> > (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; . . . .

29 U.S.C. § 207(k)(1).

But as plaintiff correctly contends, plaintiff has not alleged that the City is entitled to the 7(k) exemption. Rather, the employer who claims an exemption from the FLSA has the burden of showing that the exemption applies, not the employee. *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (1983)(citing *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). Because defendant has not made such a showing, plaintiff has stated a claim in alleging he is paid every two weeks and has not been paid for the overtime hours he worked.

Defendant also argues that the complaint fails to allege sufficient facts to allege willfulness. Under the FLSA, claims for unpaid compensation are typically subject to a two-year statute of limitations. 29 U.S.C. § 255(a). But the limitations period may be extended to three years for a cause of action "arising out of a willful violation" of the statute. *Id.* "A violation of the FLSA is willful if the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'" *Chao v. A-1 Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "If an employer acts unreasonably, but not recklessly, in determining its legal obligation" under the FLSA, its action is not willful. *McLaughlin*, 486 U.S. at 135 n. 13.

By pleading that he spoke on numerous occasions to the City Manager and the Chief of Police about their failure to provide him with overtime pay, plaintiff has sufficiently alleged willfulness.

Finally, defendant contends plaintiff's FAC does not relate back to the filing of the original complaint. In other words, plaintiff's claim should be limited to the period of two (or 3 if the violation is willful) years prior to the filing of the FAC on January 13, 2011, rather than the date of the filing of the complaint on March 9, 2010..

Federal Rule of Civil Procedure 15(c)(1) allows for an amendment to a pleading to relate

back to the date of the original pleading when: " the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Claims arise out of the same conduct, transaction, or occurrence if they "share a common core of operative facts" such that the plaintiff will rely on the same evidence to prove each claim. *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (citing *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 325–26 (9th Cir. 1989)).

Here, plaintiff's FAC claim relates back to the original complaint because the original complaint and the FAC contain a claim based upon the same basic set of facts, *i.e.,* that plaintiff was denied overtime compensation in violation of the FLSA. *See* FED. R. CIV. P. 15(c)(1)(B).

**2.     Conclusion**

Based on the foregoing, **IT IS ORDERED** denying defendant's motion to dismiss the FAC. **IT IS FURTHER ORDERED** that defendant shall answer the FAC within the time provided under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: May 23, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL