UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK URIARTE,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF CALEXICO,<br><br>        Defendant. | Civil No. 10-cv-498-L(WMc)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. # 35-1] AND DIRECTING ENTRY OF JUDGMENT** |

On January 13, 2011, Plaintiff Frank Uriarte filed a first amended complaint ("FAC") alleging that Defendant City of Calexico denied him his overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Defendant moves for summary judgment on the FAC. [Doc. # 35-1.] Plaintiff opposes and Defendant filed a reply.[1]

---

[1] Plaintiff attempts to include a cross motion for summary judgment in his opposition. If Plaintiff intended to file such a motion, he was required to submit it as a separate document. Because Plaintiff has not filed a separate cross motion for summary judgment, the Court will not consider it here. Further, even if the Court were to consider this motion, because Plaintiff fails to establish a FLSA claim, he would not be entitled to summary judgment.

For the following reasons, the Court **GRANTS** Defendant's motion for summary judgment.

**1.    Background**[2]

Plaintiff is a police officer employed by Defendant since 2000. (FAC 2:4-6, Ex. "A" to the Notice of Lodgment ("NOL"); Uriarte Dep. 13:21-24, Ex. "B" to NOL.) On January 18, 2006, Defendant promoted Plaintiff to acting sergeant. (Pl.'s Resp. Def.'s Special Interrog. No. 1, Ex. "E" to NOL.) In January 2007, in response to a City wage study know as the "Ewing Study," Defendant implemented a new salary range for all sergeants. (Uriarte Dep. 25:18-26:1.) As a result, Defendant moved Plaintiff from range 86 step 4 to range 98 step 1. (*Id*.) Accordingly, Plaintiff's regular hourly rate increased from $26.77 to $28.89 as of January 17, 2007. (Uriarte Dep. 48:9-10, Ex. 4.15, Ex. "D" to NOL.) However, Plaintiff believed that he should have been moved to range 98 step 4 instead of range 98 step 1. (Uriarte Dep. 26:2-19.)

On June 2, 2008, Plaintiff met with then City Manager Ralph Velez and Chief of Police Neujahr ("Chief"), and the Chief told Plaintiff that he would not place him at a different step level. (Uriarte Dep. 31:21-32:7; 66:16-25; 70:11-13.) On September 10, 2008, Plaintiff submitted a formal grievance claiming that he was not being paid at the correct step level. (Uriarte Dep. 39:7-23, Ex. 3, Ex. "C" to NOL.) Plaintiff's grievance was entitled "improper step placement" which requested Defendant correct the step placement to range 98 step 5 with back pay. (*See* Uriarte Dep., Ex. 3.) In January 2009, Plaintiff's step placement changed to range 98 step 5, which was retroactive to the middle of December 2008. (Uriarte Dep. 45:5-20.) At that point, Plaintiff believed he was at the correct step. (*Id*.) In May 2009, Plaintiff submitted another grievance asking for back pay from January 18, 2007 through December 17, 2008 for placement at the incorrect step. (Uriarte Dep. 44:17-23, 48:1-8, 50:4-9, Ex. 4, Ex. "D" to NOL.) On December 2, 2009, new City Manager Victor Carrillo told Plaintiff that he was not going to correct any back pay issues. (Pl.'s Resp. Def.'s Special Interrog. No.'s 10, 12.)

---

[2] The following factual background was taken largely from the parties' Joint Statement of Undisputed Facts Regarding City of Calexico's Motion for Summary Judgment. [Doc. # 41-2.]

On March 10, 2010, Plaintiff filed a complaint with this Court contending that he had been paid at an improper rate since January 2007. (Compl. [Doc. # 1], Ex. "F" to NOL.) On January 3, 2011, the Court granted Defendant's motion to dismiss the complaint because it did not state a claim under the FLSA. (Order [Doc. # 15] 3:18-26, Ex. "G" to NOL.) In addition, the Court found that if Plaintiff was basing his overtime claim on what he contended was incorrect pay, he did not state a claim under the FLSA. (Order 4:4-6.) Plaintiff sought leave to file an amended complaint based upon the additional allegation that Plaintiff was seeking back pay owed to him for being placed at the wrong level and all overtime wages where he was paid at the improper rate. (FAC [Doc. # 12-3] 3:16-21, Ex. "H" to NOL.) The Court denied Plaintiff leave to file the proposed amended complaint as it suffered the same deficiencies as the original complaint. (Order 4:26-27.)

On January 13, 2011, Plaintiff filed a FAC claiming that he had been denied overtime pay for overtime worked every single pay period since January 2007, in violation of the FLSA. (FAC [Doc. # 16] 3:12-13, Ex. "A" to NOL.) On January 31, 2012, Defendant moved for summary judgment on Plaintiff's FAC.

**2.     Legal Standard for a Summary Judgment Motion**

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will

bear the burden of proof at trial. *Id.* at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 242, 252). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

**3.     Discussion**

The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Frieght Sys., Inc.*, 450 U.S. 728, 739

(1981). The FLSA covers the following six areas of employment: (1) minimum wage; (2) overtime compensation; (3) record keeping and posting; (4) child labor; (5) retaliation; and (6) equal pay. 29 U.S.C. § 201, *et seq*. The FLSA mandates that employers pay their employees at least the statutory federal minimum wage and overtime compensation. *Id.* § 201(a)(1).

Section 207 of the FLSA provides that no employer shall employ an employee for a workweek exceeding forty hours unless the employee is compensated for all hours beyond the forty hour floor at a rate of one and one half times the "regular rate" at which he is employed. 29 U.S.C. § 207(a)(1). The Supreme Court interprets "regular rate" to mean "the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." *Walling v. Youngerman-Reynolds Hardwood Co., Inc.*, 325 U.S. 419, 424 (1945); *see also United States v. Rosenwasser*, 323 U.S. 360, 363-64 (1945) (holding that "[s]ection 7(a) [of the FLSA] refers to a regular rate which we have defined to mean 'the hourly rate actually paid for the normal, non-overtime workweek'") (internal quotations and citations omitted).

Under the FLSA, employers and employees are generally "free to establish [the] regular [non-overtime] rate at any point and in any manner they see fit," "[a]s long as the minimum hourly rates established by Section 6 [of the FLSA] are respected." *Youngerman-Reynolds*, 325 U.S. at 424. An employer may pay different employees or the same employee different rates. *Allen v. Board of Pub. Educ.*, 495 F.3d 1306, 1310-12 (11th Cir. 2007); *see also Parth v. Pomona Valley Hosp. Med. Ctr.*, 584 F.3d 794, 798, 802-03 (9th Cir. 2009).

Further, the Ninth Circuit has held that an employer complies with the FLSA so long as it pays those employees who are subject to the FLSA at the minimum wage rate on payday, not that the FLSA requires an employer to pay employees their regular wage rate on payday. *Biggs v. Wilson*, 1 F.3d 1537, 1541 (9th Cir. 1993), *cert. denied* 114 S. Ct. 902 (1994). In *Biggs*, the court's underlying reasoning was that the minimum wage required by the FLSA must be paid promptly, not that the FLSA requires the payment of an employee's salary above the minimum wage. *Id*. In describing the FLSA provisions, the court stated that, "[t]he FLSA provides for the recovery of unpaid minimum wages, unpaid overtime compensation, and liquidated damages .... Nothing in the FLSA provides for the recovery of unpaid regular wages above the minimum

wage." *Id.*

In its motion for summary judgment, Defendant contends that Plaintiff fails to state a claim under the FLSA and thus, it is entitled to judgment as a matter of law. (Def.'s MSJ 2:10-12.)

Here, as his deposition highlights, Plaintiff bases his FLSA claim on the belief that he was not being paid at the correct step level, which caused his overtime pay to be incorrect. (Uriarte Dep. 50:4-25.) Although Plaintiff alleges in his FAC that he was denied overtime pay from January 2007, this is actually when, in response to the "Ewing Study," a pay increase went into effect and Plaintiff's pay scale went from sergeant's scale range 83 step 3 to new sergeant's scale range 98 step 1. (Uriarte Dep. 25:7-26:1, Ex. 4.15, Ex. "D" to NOL.) At that point, Plaintiff believed that he should have been moved to range 98 step 4 instead of range 98 step 1. (Uriarte Dep. 26:2-19.)

None of Plaintiff's verbal complaints or formal grievances relate to a denial of overtime for overtime worked, but all relate to his perceived improper step placement. (Uriarte Dep. 21:23-22:15; 23:10-24:4; 24:16-26:19; 31:21-32:7; 50:4-51:5; 66:3-11; 66:16-25; 70:11-13; Uriarte Dep. 39:7-23, Ex. 3; Uriarte Dep. 44:17-23; 45:5-20, Ex. 4; Resp. Special Interrog. No. 1.) Plaintiff does not claim that he was not paid overtime at a rate of less than one and one half times his regular rate or that he worked without receiving pay, but that his base pay was incorrect, causing his overtime rate to be at a lesser amount. (Resp. Special Interrog. No.'s 15, 20.) Moreover, Plaintiff does not claim that Defendant paid him below minimum wage, but acknowledges that he was paid at a rate of at least $26.77 per hour, well above the current federal minimum wage of $7.25 per hour. (Uriarte Dep. 48:9-10, Ex. 4.15, Ex. "D" to NOL;) *see also* 29 U.S.C. § 206(a)(1).

As Plaintiff's expert Dr. David Cooper confirms, Plaintiff's economic loss is based solely on the belief that he was placed on an incorrect step within the sergeant's pay scale which resulted in underpayment of both regular and overtime wages. (Pl.'s Opp'n, Ex. A [Doc. # 40-3.]) But, as this Court has already determined, "[i]f a plaintiff is basing his overtime claim on

what he contends is his incorrect pay, then . . . he has not stated a claim under the FLSA[.]" (Order 4:5-6.)

In his opposition, Plaintiff argues that, based on *Anderson v. Mt. Clemons Pottery Co.*, 328 U.S. 680 (1946), once he meets his burden of proving that he has performed work for which he was improperly compensated, the burden shifts to the employer to negate the reasonableness of the inference. (Pl.'s Opp'n 7:17-22; 8:1-2.) However, *Anderson* involved a situation where employees were performing additional work for which they received no wages, a violation of the FLSA's minimum wage provision. *Anderson*, 328 U.S. at 687. Here, Plaintiff does not contend that Defendant failed to compensate him at or above the minimum wage rage for the time he worked, but only that he was not paid at the rate he believed he should have been earning. (Ex. "D" to NOL, Ex. 4.15; Pl.'s Resp. Def.'s Special Interrog. No.'s 10, 12.) Thus, the Court rejects this argument.[3]

As discussed above, Plaintiff has failed to state a claim under the FLSA. Plaintiff filed his FAC stating that he was denied overtime pay for overtime he worked every single pay period, when he was still only seeking back pay and overtime based upon his perception that he was placed at the wrong step level. As this Court has established, an overtime claim based on incorrect regular pay, alone, does not violate the FLSA.[4] Thus, Defendant is entitled to judgment as a matter of law, and the Court therefore will **GRANT** Defendant's motion for summary judgment on the FAC.

**4.  Conclusion & Order**

For the forgoing reasons, the Court **GRANTS** Defendant's motion for summary judgment

---

[3] Plaintiff further challenges the applicability of the *Biggs* decision because it deals only with an employee's "regular wages on payday." (Pl.'s Opp'n 5:25-27; 6:1-2.) However, because the Court finds that Plaintiff's overtime claims are based solely on his "regular wages on payday," the *Biggs* decision is applicable.

[4] Defendant makes several evidentiary objections to Plaintiff's evidence in opposition to its motion for summary judgment. (Def.'s Obj.'s to Pl.'s Evid. in Opp's to MSJ. [Doc. # 41-1.]) Because the Court, even when considering this evidence, rules for the Defendant, it will not address these objections.

1 | on the FAC.  The Clerk of the Court is directed to enter judgment in accordance with this Order.

2 | **IT IS SO ORDERED.**

3 | DATED: July 19, 2012

4 | _____
M. James Lorenz
5 | United States District Court Judge

6 | COPY TO:

7 | HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE
8 |

9 | ALL PARTIES/COUNSEL